IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL GORDY,<br>#257498,<br><br>    Petitioner,<br><br>v.<br><br>ROLANDA CALLOWAY, et al.,<br><br>    Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 3:22-cv-476-ECM-JTA |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the Court on a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 filed by Alabama inmate Michael Gordy.[1] (Doc. No. 1.) Gordy challenges his convictions for attempted murder, assault, and two counts of robbery obtained in the Russell County Circuit Court in January 2008. (*Id*. at 1.) That court sentenced Gordy to consecutive life terms in prison. (*Id*.) Gordy claims his trial counsel was ineffective for failing to timely appeal his convictions to the Alabama Court of Criminal Appeals. (*Id*. at 5.) For the reasons set forth below, the undersigned Magistrate Judge recommends that Gordy's § 2254 petition be DISMISSED as a successive petition filed without the required appellate court authorization.

---

[1] Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing. *See Garvey v. Vaughn*, 993 F.2d 776, 783 (1993). Absent evidence to the contrary, the Court must "assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014). Gordy's petition is dated August 5, 2022. (Doc. No. 1 at 15.)

# I.    DISCUSSION

This is Gordy's second habeas petition under 28 U.S.C. § 2254 challenging his 2008 Russell County convictions and sentence. Gordy filed his first § 2254 petition in 2014. *Gordy v. Davenport, et al.*, Case No. 3:14-cv-162-WKW-GMB (M.D. Ala. 2014). In March 2016, the Court denied Gordy's petition as time-barred under the one-year limitation period in 28 U.S.C. § 2244(d)(1) and dismissed the case with prejudice. (*See id.*, Docs. No. 30-32.)

Under 28 U.S.C. § 2244(b), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the panel] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[2] 28 U.S.C. § 2244(b)(3)(B), (C).

---

[2] Section 2244(b)(1) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

Section 2244(b)(2) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—(A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in

As a matter of law, dismissal of a § 2254 petition on statute-of-limitations grounds constitutes an adjudication on the merits for purposes of § 2244(b)(3)'s second-or-successive-petition requirements. *See, e.g., Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) ("[D]ismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (holding that a prior untimely petition counts for § 2244(b) purposes because "a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims") (followed in *Cogman v. Crow*, Case No. 2:18-cv-855, 2018 WL 5624299, at *2 (M.D. Ala. Oct. 9, 2018)).

Gordy's § 2254 petition is a successive petition subject to the limitations of § 2244(b). Gordy furnishes no certification from the Eleventh Circuit Court of Appeals authorizing the Court to proceed on his successive petition for habeas corpus relief.[3] "Because this undertaking [is a successive] habeas corpus petition and because [Gordy] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Bd. of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001); *see also Farris v. United States*,

---

light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

[3] To the contrary, when asked if he had "previously filed any type of petition, application, or motion in a federal court regarding the conviction [challenged in his present petition]," Gordy checked the "No" box. (Doc. No. 1 at 12.)

333 F.3d 1211, 1216 (11th Cir. 2003) (noting the district court lacks jurisdiction to consider a second or successive petition absent an order from the court of appeals authorizing the district court to consider it). Consequently, this petition for writ of habeas corpus should be dismissed for lack of jurisdiction.

## II.    CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Gordy's 28 U.S.C. § 2254 petition (Doc. No. 1) be DISMISSED for lack of jurisdiction, as Gordy has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.

It is further

ORDERED that, by **October 4, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec.,*

*Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 19th day of September, 2022.

*Jerusha T. Adams*

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE