IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL GORDY, #257498, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 3:22-cv-476-ECM |
| | ) | (WO) |
| ROLANDA CALLOWAY, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION and ORDER**

On September 19, 2022, the Magistrate Judge entered a Recommendation that the petition be dismissed as a successive petition. (Doc. 3). The Petitioner filed objections to the Recommendation. (Doc. 6). The Court has carefully reviewed the record in this case, the Recommendation of the Magistrate Judge, and the Petitioner's objections. For the reasons that follow, the Court concludes that the Petitioner's objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, and this case is due to be dismissed.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). *See also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). "[A]

party that wishes to preserve [his] objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009) (alteration added).  If the party does not object to specific factual findings, the court reviews them only for clear error.  *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

Following an independent evaluation and *de novo* review of the record in this case, the Court finds the Petitioner's objections are due to be overruled.

## DISCUSSION

The Court has carefully reviewed the record in this case, the Recommendation of the Magistrate Judge, and the Petitioner's objections.  The Petitioner's objection that his petition should not be dismissed as successive is sufficiently specific to warrant *de novo* review.  According to the Petitioner, while he is challenging the same conviction as in his prior habeas petition, he is raising a new issue in this petition.  (Doc. 6 at 1).

In this petition, Gordy asserts that his trial counsel was ineffective for failing to file a requested notice of appeal.  (Doc. 1 at 5).  However, in his prior 2254 petition, Gordy raised the issue of his counsel's failure to file an appeal.  *See Gordy v. Davenport*, 3:14-cv-162-WKW (M.D. Ala. 2016).  More importantly, however, Gordy has not secured authorization from the Eleventh Circuit Court of Appeals to file a successive petition. *Id* at Doc. 39 (application for order to file a successive petition to raise sole claim "that his counsel was ineffective for failing to timely file an notice of appeal to the Alabama Criminal Court of Appeals, as requested" is denied).

> With certain exceptions not relevant here, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that, before a petitioner may file a second or successive § 2254 habeas petition, the petitioner first must obtain an order from this Court authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). Absent authorization from this Court, the district court lacks jurisdiction to consider a second or successive habeas petition. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

*Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 (11th Cir. 2020).

Because the Petitioner did not obtain authorization from the appellate court to file a successive petition, his objections to dismissal on this basis are due to be overruled. Accordingly, upon an independent review of the file in this case and for good cause, it is

ORDERED as follows that:

1. the Petitioner's objections (doc. 6) are OVERRULED;

2. the Recommendation of the Magistrate Judge (doc. 3) is ADOPTED;

3. the petition for writ of habeas corpus (doc. 1) is DISMISSED for lack of jurisdiction because the Petitioner has not obtained the requisite preauthorization from the Eleventh Circuit Court of Appeals to file a successive petition; and

4. this case is dismissed.

A final judgment will be entered.

DONE this 12th day of January, 2023.

                                               /s/ Emily C. Marks
                                          EMILY C. MARKS
                                          CHIEF UNITED STATES DISTRICT JUDGE